**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-20551-CR-MORENO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**V.**

**ERIC LIN**
**a/k/a "Jake Howard"**
**a/k/a "Eric A. Schopenhauer,"**

**Defendant.**
**____________________________________/**

**<u>OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT</u>**

The defendant, ERIC LIN, by and through the undersigned counsel and pursuant to Federal Rule of Criminal Procedure 32 (b) (6) (B), files the following objections to the pre-sentence investigation report (PSI).

1. **Offense Level Computation, Paragraph 27 Page 10, Specific Offense Characteristics.** The defendant hereby objects to the six level enhancement pursuant to § 2A6.1 (b) (1) of the Sentencing Guidelines for conduct evidencing an intent to carry out the underlying threats. The facts of the case are insufficient for the Court to apply the enhancement. The defendant originally sent money to his accomplice for the purposes of (a) helping him out due to his dire financial circumstances, and (b) to beat up a different individual, not the victim of the indicted threat crime. Only after sending the accomplice $377 did the conversation regarding the victim of the crime charged in the indictment

commence.

Moreover, the alleged accomplice was in Pennsylvania when he received the $377 and never traveled to Florida, where the victim resided. The defendant, on the other hand, was in Seattle, Washington when he sent the $377 to the accomplice in Pennsylvania. In fact, neither the defendant nor the accomplice ever: (a) made travel arrangements from Pennsylvania to Florida, (b) reserved a hotel or Airbnb in Florida, (c) conducted surveillance on the victim, (d) obtained the victims home address, or (e) made any other efforts towards actually committing a violent act against the victim. Instead, the defendant's total conduct consisted of fantastical messages between himself and the accomplice on Facebook.

Accordingly, the evidence is insufficient to support a finding that "serious conduct committed before or during the offense indicates an intent to carry out the threat." *United States v. Scott*, 441 F.3d 1322, 1329 (11th Cir. 2006); citing *United States v. Taylor*, 88 F.3d 938 (11th Cir. 1996) and *United States v. Barbour*, 70 F.3d 580 (11th Cir. 1995).

In *Scott*, after sending threatening letters to a judge, the defendant told law enforcement "there are a lot of people that I want to do something to, but I have not made up my mind when or where I will do it." *Scott* at 1324. The Court rejected the trial court's application of the enhancement under § 2A6.1 (b) (1) stating that the defendant's conduct "was not … before or during the criminal offense but simply an answer (and a somewhat ambiguous one at that)

given by Scott while in custody and in response to an investigator's question, and it occurred after the crime had been completed." *Scott* at 1329.

In *Taylor*, the Court authorized the application of the enhancement under § 2A6.1 (b) (1) where the defendant had taken several steps towards carrying out his threats. The defendant had hired a private investigator to obtain information about the victim, had been able to locate the victims despite their repeated attempts to evade him, had conducted surveillance on the victims home, had called the victims several times, and had taken several trips to Florida (where the victims resided) from his home in Nevada. *Taylor* at 943.

In *Barbour*, the Court authorized the application of the enhancement under § 2A6.1 (b) (1) where the defendant, charged with making threats to kill the President, traveled to Washington, D.C. with one hundred rounds of ammunition less than two weeks before making the threats. *Barbour* at 587.

The facts of Mr. Lin's case do not rise to the level of *Taylor* or *Barbour*, and are more similar to those in *Scott*. Thus, the Court should not increase the defendant's base offense level by six levels under § 2A6.1 (b) (1).

2. **Criminal History Points, Paragraph 39 Page 12.** The defendant hereby objects to the determination that a sentence of ninety (90) days in jail on October 8, 2008 should credit the defendant with two (2) criminal history points under § 4A1.1(b) of the Sentencing Guidelines. Application Note 2 states "a sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted." The underlying

indictment is for conduct occurring between June 7, 2019 and July 15, 2019. The 90-day sentence expired, at the latest, on or about January 8, 2009. Accordingly, there is more than a period of ten (10) years between the end of the 90-day sentence and the commencement of the instant offense.

3. **Criminal History Points, Paragraph 40 Page 13.** The defendant hereby objects to the determination that the conviction and sentence in this paragraph qualifies for three (3) criminal history points. The defendant states the Court vacated his original three (3) year prison sentence and a sentence of home detention followed by probation was imposed on March 13, 2009. Application Note 6 of § 4A1.2 states "sentences resulting from convictions that (A) have been reversed or vacated because of errors of law … are not to be counted." Accordingly, the defendant states that since his sentence in Howard County Docket # 2T00057997 ended up being solely to home detention followed by probation, the conviction in this paragraph would only qualify him for one (1) criminal history point under § 4A1.1(c).

4. **Criminal History Points, Paragraph 41 Page 14.** The defendant hereby objects to the determination that the conviction and sentence in this paragraph qualifies for three (3) criminal history points. The defendant states that his twenty (20) year sentence was totally suspended and thus only qualifies for one (1) criminal history point under § 4A1.1(c). Under § 4A1.2 (a) (3) "a conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."

5. **Date Sentence Imposed/Disposition, Paragraphs 38 (Page 11), 40 (Page 13) and 41 (Page 14).** The defendant hereby objects to the date of May 31, 2013 as the date that he was "released from custody" in each of the above numbered paragraphs. The defendant states that he was "released from custody" on January 15, 2013 on all of his Maryland cases.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY: *s/ Christian Dunham*
Christian Dunham
Assistant Federal Public Defender
Florida Bar No. 146587
150 West Flagler Street
Suite 1700
Miami, Florida 33130-1555
Tel: 305-530-7000
E-Mail Address: Christian_Dunham@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on February 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Christian Dunham*
Christian Dunham